IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JACOB JAMES TOWNSEND                                                                              PLAINTIFF

        v.                              Civil No. 4:12-cv-04072

SHERIFF JAMES SINGLETON;
JOHNNY GODBOLT; SGT. VERONICA
MAULDIN; OFFICER PIERRE
SUMMERVILLE; OFFICER SIMEON AIMES;
and LT. KEVIN MELLSON                                                                          DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    This is a civil rights action filed by Plaintiff, Jacob Townsend, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Arkansas Department of Corrections Grimes Unit in Newport, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

    The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

    Plaintiff originally filed his Complaint on July 5, 2012.  ECF No. 1.  On July 5, 2012, the Court directed Plaintiff to file a completed *in forma pauperis* ("IFP") application and an Amended Complaint.  ECF No. 3.  Plaintiff filed his Amended Complaint on August 20, 1012.  ECF No. 5.

1

Plaintiff also filed a Motion for Leave to Proceed IFP on August 20, 2012. ECF No. 6. This IFP application was also incomplete. The Court then directed Plaintiff to file a completed IFP application by December 19, 2012. ECF No. 7. Plaintiff did so.

In Plaintiff's Amended Complaint, he alleges he was subjected to excessive force while incarcerated at the Hempstead County Detention Center ("HCDC"). According to Plaintiff, he was released from his cell for his "mandatory one-hour," and he walked toward the shower but was immediately pepper sprayed by Officers Aimes and Summerville. ECF No. 5, p. 4. Plaintiff then ran to the opposite end of the pod, got down on the floor, and placed his hands behind his back. ECF No. 5, pp. 4-5. Officer Summerville escorted Plaintiff back to his cell where he continued to spray Plaintiff with pepper spray. ECF No. 5, p. 5. All of the inmates, except for Plaintiff, were let out of the pod because of the pepper spray. ECF No. 5, p. 5. Once in Plaintiff's cell, Officer Aimes choked Plaintiff while Officer Summerville aimed a taser at him and Lieutenant Mellson stood in the door and watched. ECF No. 5, p. 6. Plaintiff lost consciousness and suffered "severe strangulation marks" from this incident. ECF No. 5, p. 6. For five days Sergeant Mauldin and Captain Godbolt ignored Plaintiff's attempts to get pictures taken of his neck. ECF No. 5, p. 6. Sheriff Singleton also did nothing about the incident. ECF No. 5, p. 6. Plaintiff alleges claims against Defendants in both their official and individual capacities. ECF No. 5, p. 4.

## II.   DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Amended Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff claims Defendants violated his constitutional rights in both their official and individual capacities.  Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir.1998), the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits.  As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914.

Plaintiff has not proffered any facts to support a claim that a custom or policy of Hempstead County were the moving forces behind his claimed constitutional rights violations. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91 & n. 55, 694 (1978) (plaintiff seeking to impose liability on local government body under Section 1983 must show official policy or widespread custom or practice of unconstitutional conduct that caused a deprivation of constitutional rights).  Even construing Plaintiff's pleadings liberally, as he is proceeding *pro se*,

3

the Court finds no facts of a policy or custom of Hempstead County causing the alleged constitutional violations. Therefore, Plaintiff failed to state official capacity claims.

Additionally, Plaintiff has failed to allege facts to support any individual capacity claims against Sheriff Singleton. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell,* 436 U.S. at 694. "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). In other words, Sheriff Singleton cannot be held liable merely because he supervises the individuals allegedly responsible for violating Plaintiff's constitutional rights. *Id.; see also Mark v. Nix,* 983 F.2d 138, 139–40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility). There are no allegations or facts on the record that show Sheriff Singleton was personally involved in any way in the events complained of by Plaintiff. Plaintiff failed state a claim under section 1983 against Sheriff Singleton in his individual capacity.

Plaintiff also claims Captain Godbolt and Sergeant Mauldin failed to respond to his request for pictures of his neck for five days. This is not sufficient to state a cognizable claim under section 1983. It is well-settled that a prisoner has no constitutional right to an intra-prison grievance system and that failure to investigate or respond to a prisoner's grievances is not actionable under section 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (finding no constitutional right violated by failure to process grievances). S*ee also Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) (no section 1983 liability for violation of prison policy). Therefore, Plaintiff also failed to state

4

individual capacity claims against Captain Godbolt and Sergeant Mauldin.

### III.    CONCLUSION

Accordingly, I recommend Plaintiff's official capacity claims against all Defendants and his individual capacity claims against Defendants Sheriff Singleton, Captain Godbolt, and Sergeant Mauldin be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  The Court will address Plaintiff's Motion for IFP and direct service for Defendants, Officer Summerville, Officer Aimes, and Lieutenant Mellson by separate order.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **3rd day of January 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

5