IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACOB JAMES TOWNSEND                                                                              PLAINTIFF

      v.                                  Civil No. 4:12-cv-04072

OFFICER PIERRE SUMMERVILLE;
OFFICER SIMEON AIMES;
and LT. KEVIN MELLSON                                                                             DEFENDANTS

## ORDER

      Plaintiff Jacob Townsend proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections, Grimes Unit in Newport, Arkansas ("ADC"). Currently before the Court is Plaintiff's Motion for Default Judgment. ECF No. 26. Defendants responded. ECF No. 27. The Court finds as follows.

      In Plaintiff's Motion he moves for default judgment against Kevin Melson based on Melson's failure to answer Plaintiff's Complaint. ECF No. 26. Defendants argue Melson was never properly served and at the time Defendants responded Melson was unaware of this action against him. ECF No. 27. Defendants also provided the Court with Melson's last known address so that he could be properly served. The Court then directed service on Melson at the address provided. ECF No. 28. Service was executed on Melson on July 11, 2013 (ECF No. 38) and Meslon filed an Answer on July 22, 2013 (ECF No. 36).[1].

      Pursuant to Federal Rule of Civil Procedure 55: [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R.

---

[1] Melson's Answer was in fact to Plaintiff's Amended Complaint which the Court granted him leave to file on June 20, 2013. ECF No. 31.

Civ. P. 55(a). Entry of a default under Rule 55(a) must proceed the grant of a default judgment under Rule 55(b). *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998). It is within the discretion of the Court to determine whether a default judgment should be entered against a party under Rule 55(b). *See Ackra,* 86 F.3d at 856. Entry of default judgment, however, is not favored and "should be a rare judicial act." *In re Jones Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir. 1995) (internal quotations and citations omitted). When a default judgment is sought for a party's failure to defend, the Court must consider whether the party's actions were "willful violations of court rules, contumacious conduct, or intentional delays." *Ackra,* 86 F.3d at 856 (internal quotations and citations omitted). "[D]efault judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Id.*

Here, the proof of service reflects that Melson was served on July 11, 2013 and he filed an Answer on July 22, 2013. According to the Federal Rules of Civil Procedure, a defendant must serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, the record clearly indicates that Melson satisfied the Rules when he filed his Answer on July 22, 2013—eleven days after being served.

For the foregoing reasons, Plaintiff's Motion for Default Judgment (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED this 6th day of March 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE