IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACOB JAMES TOWNSEND                                              PLAINTIFF

v.                          Civil No. 4:12-cv-04072

OFFICER PIERRE SUMMERVILLE;
OFFICER SIMEON AIMES;
and LT. KEVIN MELLSON                                          DEFENDANTS

## <u>ORDER</u>

Plaintiff Jacob Townsend proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983

action.  Currently before the Court are Plaintiff's (1) Motion to Supplement Amended Complaint

(ECF No. 58); (2) Motion For Sanctions (ECF No. 53); and (3) Amended Motion for Sanctions

(ECF No. 56).

1.      <u>Motion to Supplement Amended Complaint (ECF No. 58)</u>

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a)

provides in pertinent part:

> (1) ***Amending as a Matter of Course***. A party may amend its pleading once as a
> matter of course within: (A) 21 days after serving it, or (B) if the pleading is one
> to which a responsive pleading is required, 21 days after service of a responsive
> pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
> whichever is earlier.
> (2) ***Other Amendments***.  In all other cases, a party may amend its pleading only
> with the opposing party's written consent or the court's leave.  The court should
> freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion

whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S.

321, 330–32 (1971).  Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile.  *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

In his Motion to Amend his Amended Complaint (ECF No. 58), Plaintiff again seeks to amend his requested relief.  In this Motion, Plaintiff specifically lists the amount of compensatory and punitive damages he seeks from each Defendant.  Defendants did not respond to this Motion to Amend.

The Court finds Plaintiff's Motion to Amend was not filed in bad faith, with dilatory motive, or with undue delay.  Further, there is no indication that Defendants will be prejudice by allowing Plaintiff to clarify the relief he seeks.  Lastly, the amendment is not futile.

Accordingly, Plaintiff's Motion to Supplement Amended Complaint (ECF No. 58) is **GRANTED.**  The Clerk is **DIRECTED** to file Plaintiff's Motion to Supplement (ECF No. 58) as a supplement to Plaintiff's Amended Complaint.

2.      Motions for Sanctions (ECF No. 53, 56)

First, I find Plaintiff's Amended Motion for Sanctions (ECF No. 56) moots Plaintiff's initial Motion for Sanctions (ECF No. 53).  Therefore, Plaintiff's initial Motion for Sanctions (ECF No. 53) is **DENIED** as moot.

In Plaintiff's Amended Motion for Sanctions (ECF No. 56), he claims there was video

2

footage of the alleged excessive force used against him by Defendants.  Plaintiff further claims this video footage was intentionally destroyed.  Plaintiff seeks relief in the form of an "adverse inference" and preclusion of testimony or other evidence regarding the subject matter of the video footage at issue.

Defendants responded arguing that the video footage, if it ever existed, was not destroyed intentionally, but instead, recorded over seven days after the incident as is the normal course at the Hempstead County Detention Center ("HCDC").  Further, Defendants argue that Plaintiff's Motion is moot because there will be no jury at the upcoming trial, thus, Plaintiff cannot receive an adverse inference jury instruction.  ECF No. 57.

I agree that Plaintiff's requested relief is moot.  This case is set for bench trial on April 7, 2015.  In a bench trial I am the fact finder and will hear all of the evidence presented and then issue a ruling.[1]  There will be no jury present as no party here properly demanded a jury trial.  Therefore, it is impossible and unnecessary to issue an adverse inference instruction as there will be no jury present to receive it.  Further, I will hear testimony relating to the subject matter of the video footage if any is offered.  I am well versed in the Federal Rules of Civil Procedure and Evidence and will consider or disregard all testimony and evidence presented at the trial in accordance with such Rules.  *See Williams v. Illinois*, __ U.S. __, 132 S.Ct. 2221, 2235 (2012) ("[i]n bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions . . . [and] there is a well-established presumption that the judge [has] adhered to basic rules of procedure when the judge is acting as a factfinder.") (internal quotations

---

[1] My ruling may be issued from the bench at the close of testimony or in a written opinion at a later date.

omitted).

However, as the finder of fact during the upcoming bench trial, I am also tasked with making any witness credibility determinations that are necessary. *See Wright v. St. Vincent health System,* 730 F.3d 732, 739 (8th Cir. 2013) ("a district court's credibility determinations in a bench trial, like a jury's credibility determinations in a jury trial, are virtually unassailable on appeal.") (internal quotations omitted). Given Plaintiff's allegations regarding the spoilation of the video footage, I find testimony from a HCDC official or employee familiar with the particular video footage at issue and with the video system and recording policies of the HCDC as relevant and necessary.

Accordingly, Plaintiff's Amended Motion for Sanctions (ECF No. 56) is **DENIED. Further, Defendants are DIRECTED to produce for testimony, at the bench trial on April 7, 2015, such a person or persons familiar with any video footage recorded on September 8, 2011 involving Plaintiff, and such person or persons familiar with the recording and maintaining of video footage at the HCDC in 2011.**

**IT IS SO ORDERED this 19th day of March 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4